Chad M. Hagan (*pro hac vice*)
chagan@twwlaw.com
Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
Stephen M. Ferguson (*pro hac vice*)
sferguson@twwlaw.com
**T. WADE WELCH & ASSOCIATES**
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile: (713) 952-4994

Attorneys for Plaintiffs

S. Young Lim (SBN 126679)
young@parkandlim.com
**PARK & LIM**
3435 Wilshire Blvd., Suite 2920
Los Angeles, California 90010
Telephone: (213) 386-5595
Facsimile: (213) 384-7110

Attorneys for Defendant Panarex, Inc.

**NOTE CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C. et al., <br><br> Plaintiffs, <br><br> v. <br><br> PANAREX, INC. et al., <br><br> Defendants. | Case No. CV07-5897 GPS (PLAx) <br><br> STIPULATED PROTECTIVE ORDER |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters this Stipulated Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## GOOD CAUSE STATEMENT

WHEREAS, Plaintiffs EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively, "Plaintiffs") have served or anticipate serving discovery that seeks the disclosure of proprietary, confidential, or trade secret information of Defendant Panarex, Inc. ("Defendant"), including, without limitation, technical information regarding the design and functionality of its satellite television receivers and firmware, selling and marketing practices, and information concerning Defendant's customers and relationships with suppliers and authorized dealers.

WHEREAS, Defendant has served or anticipates serving discovery that seeks the disclosure of proprietary, confidential, or trade secret information of Plaintiffs, including, without limitation, technical information regarding its direct broadcast satellite system and conditional access security system, subscriber acquisition costs, anti-piracy investigations and technical countermeasures.

WHEREAS, the parties having met and conferred with one another in good faith, the parties agree that a protective order is necessary to protect the proprietary, confidential, or trade secret information of Plaintiffs and Defendant.

WHEREAS, in the absence of a protective order, the public disclosure of Defendant's proprietary, confidential, or trade secret information regarding the design and functionality of its products, selling and marketing practices, customers, and relations with suppliers and authorized dealers would place Defendant at a competitive disadvantage in the marketplace.

WHEREAS, in the absence of a protective order, the public disclosure of Plaintiffs' proprietary, confidential, or trade secret information regarding its satellite system and corresponding security system, subscriber costs, and anti-piracy efforts would place Plaintiffs at a competitive disadvantage in the marketplace, and jeopardize future piracy investigations, prosecutions, and ability to safeguard its proprietary satellite transmissions.

WHEREAS, the parties thus agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure, a protective order is necessary and outweighs the interest of the public to gain access to litigation documents and information produced during discovery.

THEREFORE, the parties, through the undersigned counsel, stipulate and agree to the following protective order:

**1. DEFINITIONS**

1.1 Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3 "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that contain proprietary or confidential information, including, without limitation, information that was made public, without Plaintiffs' authorization, regarding Plaintiffs' direct broadcast satellite system, conditional access security system, and the piracy of those systems.

1.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" that contain trade secret information, as defined in California Civil Code § 3426.1, other non-public research, development, or commercial information that a competitor would have difficulty disregarding in a competitive situation, or information that pertains to ongoing satellite piracy investigations, including, without limitation, technical information on the design and functionality of Defendant's satellite receivers and firmware, information on Defendant's selling and marketing practices, information on Defendant's customers, contracts and agreements between Defendant and its

suppliers and dealers of satellite receivers and firmware, technical information on Plaintiffs' direct broadcast satellite system, conditional access security system, and countermeasures, information on Plaintiffs' subscriber costs, and Plaintiffs' anti-piracy investigation reports and substantive anti-piracy communications.

    1.5 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.6 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

    1.7 <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    1.8 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    1.9 <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    1.10 <u>House Counsel</u>:  attorneys who are employees of a Party.

    1.11 <u>Counsel (without qualifier)</u>:  Outside Counsel or House Counsel (as well as their support staffs).

    1.12 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

    1.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DESIGNATING PROTECTED MATERIAL

3.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 3.2(a), below), or as otherwise

stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1         3.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
2   failure to designate qualified information or items as "Confidential" or "Highly
3   Confidential – Attorneys' Eyes Only" does not, standing alone, waive the
4   Designating Party's right to secure protection under this Order for such material.  If
5   material is appropriately designated as "Confidential" or "Highly Confidential –
6   Attorneys' Eyes Only" after the material was initially produced, the Receiving
7   Party, on timely notification of the designation, must make reasonable efforts to
8   assure that the material is treated in accordance with the provisions of this Order.
9         3.4 <u>Challenges to Confidentiality Designations</u>.  Any dispute regarding the
10  designation or disclosure of Protected Material shall be handled pursuant to Local
11  Rule 37.  The definitions of "'Confidential' Information or Items" and "'Highly
12  Confidential – Attorneys' Eyes Only' Information or Items" in section 1 are
13  intended only to provide a description of the subjects of information that may
14  qualify as Protected Material, and shall not affect a Party's right to challenge a
15  confidentiality designation.

16  **4. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

17        4.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
18  disclosed or produced by another Party or by a non-party in connection with this
19  case only for prosecuting, defending, or attempting to settle this litigation.  Such
20  Protected Material may be disclosed only to the categories of persons and under the
21  conditions described in this Order.  When the litigation has been terminated, a
22  Receiving Party must comply with the provisions of section 9.
23        Protected Material must be stored and maintained by a Receiving Party at a
24  location and in a secure manner that ensures that access is limited to the persons
25  authorized under this Order.
26        4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
27  otherwise ordered by the Court or permitted in writing by the Designating Party, a
28

Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order;"

   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order;"

   (d) the Court and its personnel;

   (e) court reporters (**not including court personnel**), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order;"

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order."  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (g) the authors of the document, senders, addressees, and designated copy recipients of the document.

   4.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

1  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
2  EYES ONLY" only to:

3  (a) the Receiving Party's Outside Counsel of record in this action, as
4  well as employees of said Counsel to whom it is reasonably necessary to disclose
5  the information for this litigation and who have signed the "Agreement to Be
6  Bound by Protective Order" that is attached hereto as Exhibit A;

7  (b) House Counsel of a Receiving Party to whom disclosure is
8  reasonably necessary for this litigation and who has signed the "Agreement to Be
9  Bound by Protective Order;"

10  (c) Experts (as defined in this Order) to whom disclosure is reasonably
11  necessary for this litigation and who have signed the "Agreement to Be Bound by
12  Protective Order;"

13  (d) the Court and its personnel;

14  (e) court reporters (**not including court personnel**) , their staffs, and
15  professional vendors to whom disclosure is reasonably necessary for this litigation
16  and who have signed the "Agreement to Be Bound by Protective Order;" and

17  (f) the authors of the document, senders, addressees, and designated
18  copy recipients of the document.

19  **5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**
20  **IN OTHER LITIGATION**

21  If a Receiving Party is served with a subpoena or an order issued in other
22  litigation that would compel disclosure of any information or items designated in
23  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
24  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
25  Party, in writing (by fax, if possible) immediately and in no event more than three
26  court days after receiving the subpoena or order.  Such notification must include a
27  copy of the subpoena or court order.

28

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**6.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such persons or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**7.  FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file Protected Material must make an application to file the

Protected Material under seal pursuant to Local Rule 79-5, which may be by ex parte application or stipulation, and in which good cause must be shown.

## 8. TRIAL

Once this case proceeds to trial, all materials which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order and which become a part of the Court record through one or both parties successfully moving it into evidence at trial, shall become public record and will be presumptively available to all members of the public, unless already filed under seal or unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

## 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

## 10. MISCELLANEOUS

10.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 23, 2008        /s/  Chad M. Hagan
                                  Attorneys for Plaintiffs

DATED:  September 8, 2008         /s/  S. Young Lim
                                  Attorneys for Defendant Panarex, Inc.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:   9/26/08                  /s/
                                  Honorable Paul L. Abrams
                                  United States Magistrate Judge

**Stipulated Protective Order**
- 13 -

# EXHIBIT A

## AKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *EchoStar Satellite L.L.C. et al. v. Panarex, Inc. et al.*, Case No. CV 07-5897-GPS (PLAx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
              [signature]