1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, and, NAGRASTAR L.L.C., | Case No. CV07-5897 JZ (PLAx) |
| Plaintiffs, | **AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS PANAREX, INC. AND WON TAK KIM** |
| v. | |
| PANAREX, INC., WON TAK KIM, DOES 1-9, and GLOBAL TECHNOLOGIES, INC. | |
| Defendants. | |
| PANAREX, INC., | |
| Third-Party Plaintiff | |
| v. | |
| GLOBAL TECHNOLOGIES, INC., and DOES 1-10 | |
| Third-Party Defendants. | |

1

Agreed Final Judgment and Permanent Injunction

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Upon stipulated motion by the parties, the Court, having reviewed the pleadings and supportive documents and evidence filed in this matter hereby ORDERS and ADJUDGES as follows:

Plaintiff DISH Network L.L.C. (f/k/a EchoStar Satellite L.L.C.) is a multi-channel video provider, providing video, audio, and data services to customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a Direct Broadcast Satellite system.   DISH Network uses its fleet of high-powered satellites positioned in geosynchronous orbit over North America to broadcast movies, sports and general entertainment programming to its customer base of over 14 million legitimate subscribers throughout the United States. To receive this programming, DISH Network's subscribers are provided with an EchoStar Technologies satellite receiver, EchoStar satellite dish and NagraStar access card.

A significant part of DISH Network's business involves contracting with a variety of content providers to purchase the distribution rights for copyrighted programming such as HBO, ESPN, SHOW time, Cinemax and DISNEY, among hundreds of others.   DISH Network generates revenue through the sale of subscription packages and pay-per-view programming.  DISH Network's signals are encrypted and digitally secured.

DISH Network expends tens to hundreds of millions of dollars each year to protect its programming from signal theft (known in the industry as "piracy" or "satellite piracy").  Those efforts include the development and use of a robust Conditional Access System ("CAS" or "Security System") which allows DISH Network to manage the programming packages subscribed to by their customers, as well as prevent non-subscribers from gaining unauthorized access to DISH Network's signals.  Plaintiff NagraStar provides DISH Network with various components of Plaintiffs' Security System, including "access cards" and embedded microprocessors. These access cards and microprocessors serve as tiny

computers used in conjunction with Plaintiffs' satellite receivers to descramble or decrypt DISH Network's satellite signals to allow viewing of the copyrighted programming transmitted in those signals.

DISH Network provides its access cards to customers for use with EchoStar receivers for the purpose of enabling authorized access to DISH Network Programming. Absent a subscription, DISH Network will not provide a consumer an access card or authorize access to encrypted DISH Network Programming. Subscribers are not authorized to modify or tamper with the Access Card, which are clearly marked as property of DISH Network and must be returned upon request. The DISH Network Access Card is essential to the operation of the receiver because it contains a secure embedded microprocessor that essentially functions as a security computer, with proprietary keys and software that contain technology codes ("Nagra Software") used to communicate with the receiver and descramble DISH Network Programming.     Nagra Software is licensed from Plaintiff NagraStar.

The Nagra Software within each DISH Network Access Card is supported by two code segments of memory: Read-Only-Memory ("ROM"); and Electronically Erasable Programmable Read-Only-Memory ("EEPROM"). Generally, the ROM code segment contains the intimate knowledge and information regarding Plaintiffs' Security System and how it works; whereas the EEPROM code segment contains the secret keys enabling the decryption of DISH Network Programming. The ROM code segment provides detailed instructions and commands to DISH Network Access Cards and receivers in the normal operation of Plaintiffs' Security System. The EEPROM code segment stores data and command codes that have been written to DISH Network Access Cards which the ROM code reads from to perform its calculation and operation functions. Moreover, the EEPROM code segment contains secret keys including, but not limited to "transmission" keys and "pairing" keys (collectively known as "Security Keys"). The Security Keys are used, among

1  other things, to encrypt and decrypt the communications between the DISH

2  Network Access Card and the receiver.  In addition, the Security System also

3  includes the International Data Encryption Algorithm "IDEA".  NagraStar's parent

4  company owns the patent on IDEA and licenses its use to Plaintiffs for the DISH

5  Network Security System.

6  Plaintiffs' Security System effectively controls access to the copyrighted

7  materials that comprise DISH Network Programming.  In addition, the Security

8  System ensures that the protection afforded to such copyrighted works, such as

9  limitations on the dissemination and use in accordance with DISH Network's

10  contractual agreements with content providers, is preserved.

11  Defendants Panarex, Inc. and Won Tak Kim ("Defendants") are involved in

12  the importation, promotion, and distribution (through a network of "authorized

13  dealers") of Pansat branded satellite receivers.  From 2004 to 2008 the Pansat

14  Receivers distributed by Defendants were manufactured by Defendant Global

15  Technologies, Inc. in Seoul, Korea.  These Pansat receivers were specifically

16  designed to accept and execute piracy software that enables the receivers to

17  circumvent DISH Network's Security System and included a variety of codes,

18  components, features and functionality that served no legitimate purpose or use for

19  unencrypted free-to-air ("FTA") programming but which were included primarily

20  for the purpose of allowing Pansat Receivers to be used for piracy of DISH

21  Network Programming.  By way of example, these Pansat Receivers contained

22  embedded firmware designed specifically to emulate the functions of DISH

23  Network Access Cards used in Plaintiffs' Security System.  Versions of this

24  factory-installed firmware, which was also distributed on Panarex's website,

25  www.pansatusa.com, included near identical images of the proprietary ROM and

26  EEPROM codes used in DISH Network's Security System.  There is no legitimate

27  purpose for these ROM and EEPROM images to be included in Pansat Receivers

28  and nor did Defendants possess any authorization or license for the use of these

1    codes. Instead, they were included in Pansat receiver firmware primarily for the
2    purpose of allowing those receivers to emulate Plaintiffs' access cards and gain
3    unauthorized access to DISH Network programming.

4        In addition to Plaintiffs' ROM and EEPROM codes, the Pansat receivers
5    also contained unauthorized copies of proprietary keys used by DISH Network in
6    their Security System but which have no legitimate purpose or use in a supposed
7    "FTA receiver". The factory firmware embedded within these Pansat Receivers
8    (and distributed on Panarex's website, www.pansatusa.com) also contained
9    explicit reference to Plaintiffs and their Security System. These references
10   included: "Nagra Box Key", "ECM main, global", "auto roll", "EchoStar" and
11   "NagraVision".     Finally, the Pansat receivers included unauthorized
12   implementations of NagraVision's patented International Data Encryption
13   Algorithm ("IDEA"). IDEA is a block cipher used for subkey generation in DISH
14   Network's security system and is licensed to Plaintiffs for that use by
15   NagraVision. There is no legitimate need for Pansat receivers to include an
16   implementation of IDEA for FTA purposes; rather, it was included primarily for
17   the purpose of allowing those Pansat receivers to be used for DISH Network
18   piracy.

19       Based on the foregoing, The Court hereby ORDERS as follows:

20   (1)   Defendants Panarex, Inc. and Won Tak Kim ("Defendants") and
21         anyone acting in concert with, or at the direction or control of
22         Defendants are hereby PERMANENTLY ENJOINED from:

23   (a) offering to the public, providing, or otherwise trafficking in any
24         satellite television receivers or set-top-boxes, software, firmware, or
25         any other device, component, or technology, or part thereof, through
26         any means including Internet key sharing (also known as Control
27         Word Sharing), that:

28

**Agreed Final Judgment and Permanent Injunction**

(i)     is primarily designed or produced for the purpose of circumventing Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that controls access to copyrighted programming on the DISH Network platform;

(ii)     have only a limited commercially significant purpose or use other than to circumvent Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that controls access to copyrighted programming on the DISH Network platform;

(iii)     is marketed by Defendants and/or others acting in concert with Defendants for use in circumventing Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that controls access to copyrighted programming on the DISH Network platform; and

(b) assembling, modifying, selling, importing and/or distributing any satellite receivers, set-top-boxes, software, firmware, or other device, technology or part thereof knowing or having reason to know that such device, technology or part thereof is primarily of assistance in the unauthorized decryption of direct-to-home satellite services through any means including any internet websites;

(c) assembling, modifying, selling, importing and/or distributing any satellite receivers, set-top-boxes, software, firmware, or other

device, technology or part thereof knowing or having reason to know that such device, technology or part thereof contains the proprietary ROM, EEPROM or encryption/decryption keys used in DISH Network security system or the International Data Encryption Algorithm ("IDEA") without a valid licensing agreement with NagraStar or NagraVision;

(d) receiving Plaintiffs' electronic communications without Plaintiffs' authorization through any means;

(e) assisting others in receiving Plaintiffs' electronic communications without Plaintiffs' authorization through any means including Internet websites; and

(f) Testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming.

(2)   This Permanent Injunction takes effect immediately.

(3)   Should Defendants breach any part of this Final Judgment or permanent injunction, they shall be subject to damages in the amount of $110,000 for each such breach or violation, which is the maximum statutory damages permitted per violation under 47 U.S.C. § 605(e)(3)(C)(i)-(ii).

(4)   The Court further ORDERS judgment in favor of Plaintiffs DISH Network L.L.C. (f/k/a EchoStar Satellite L.L.C.), EchoStar Technologies L.L.C. and NagraStar LLC on each of Plaintiffs' claims under 17 U.S.C. § 1201, 47 U.S.C. § 605, 18 U.S.C. § 2511(1)(a) (Counts 1-6 in Plaintiffs' SAC) in the aggregate amount of one hundred twenty one million, six hundred ninety nine thousand, eight

1    hundred Dollars ($121,699,800.00) against Defendants Panarex, Inc. and Won Tak

2    Kim jointly and severally.

3         (5)   The Court further ORDERS judgment in favor of Plaintiffs DISH

4    Network L.L.C. (f/k/a EchoStar Satellite L.L.C.), EchoStar Technologies L.L.C.

5    and NagraStar LLC on Plaintiffs' claims for unjust enrichment and violation of

6    Section 17200 of California's Business and Professions Code prohibiting unfair

7    competition (Counts 7-8 in Plaintiffs' SAC) and awards the permanent injunctive

8    relief set forth in section one above.

9         (6)   Pursuant to 17 U.S.C. § 1203(b)(4)-(5) and 47 U.S.C. §

10   605(e)(3)(B)(iii), the Court further awards Plaintiffs DISH Network L.L.C. (f/k/a

11   EchoStar Satellite L.L.C.), EchoStar Technologies L.L.C. and NagraStar LLC full

12   costs of suit, including non-taxable costs, and attorneys' fees in the amount of five

13   million, five hundred thousand dollars ($5,500,000.00).

14         (7)   The Court retains jurisdiction to enforce this Final Judgment and

15   Permanent Injunction.

16         (8)   This is a final judgment.  Any and all relief not expressly granted

17   herein is denied.

18

19   So ORDERED AND SIGNED this 30th day of _____March_____ 2010.

20

21                            _____s/ Jack Zouhary_____

22                            United States District Court Judge

23

24

25

26

27

28

**Agreed Final Judgment and Permanent Injunction**